UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| LEO C. DAY, JR. | ) | CASE NO. 4:09 CV 302 |
| | ) | |
| Plaintiff, | ) | JUDGE PETER C. ECONOMUS |
| | ) | |
| v. | ) | |
| | ) | MEMORANDUM OF OPINION |
| ROBERT MONUS, et al., | ) | AND ORDER |
| | ) | |
| Defendants. | ) | |

Pro se plaintiff Leo C. Day, Jr. filed this action against Poland Township Zoning Inspector Robert Monus, Poland Township Administrator James Scharville, Poland Township Trustee Robert Lidle, Poland Township Trustee Mark Naples, Poland Township Trustee Annette Jeswald Divito, Poland Township Attorney Frederick Whatley, Poland Township Attorney David Shepard, and Struthers Municipal Court Judge James R. Lanzo.  In the complaint, plaintiff asserts the defendants refused to honor his zoning variance.  He seeks monetary damages and injunctive relief.

**Background**

Mr. Day is the current owner of the property located at 4301 Dobbins Rd., Poland Township, Ohio.  His grandfather started a truck hauling business on the property with just one truck in 1947.  See Poland Township v. Day, No. 05-MA-220, 2006 WL 3849910 (Ohio App. 7

Dist. Dec. 27, 2006). Two years later, in 1949, Poland Township passed a zoning ordinance classifying the property as agriculture for zoning purposes. Under this classification, the operation of a trucking business was prohibited. Id.

A dispute over the zoning, however, did not arise until 1978. Mr. Day's grandmother and father brought a declaratory judgment action in the Mahoning County Court of Common Pleas, and sought a restraining order against Poland Township. See Day v. Poland, Case No. 78-CV-1876 (Mahoning Cty Ct. Comm. Pl. 1978). At that point, the business had grown from one truck to five tractor trailer trucks and two dump trucks. Id. The court found that although the traffic on and off of the property had increased, the character or the nature of the business had not changed. The Days' request for a permanent injunction was granted. Id.

A second dispute arose in 1991. At that time, a minor misdemeanor citation was issued to Mr. Day's father for violating zoning laws because cement trucks and cement making products began to appear on the property. The Township viewed this as an unlawful extension of the non-conforming use exception granted to the Days. Mr. Day, Sr. argued that the only change to his business was the nature of the material being hauled. The trial court agreed with Mr. Day, Sr. and he was found not guilty of the charges. Id.

In November 2003, a neighbor complained to the Township that Mr. Day, Jr. had moved the driveway too close to the property line and that the property in general resembled a junk yard. Id. Township zoning inspector, Robert Monus, inspected the property and issued three citations. One citation was for having abandoned, wrecked, dismantled, or other miscellaneous materials on the property. Id. The second citation was for storing unlicensed, abandoned, wrecked vehicles on the property, and the third citation was for having a driveway closer than 3 feet to any

property line. Id. Mr. Day did not respond to the citations. Minor misdemeanor charges were filed against him. Mr. Day filed a Motion to Dismiss claiming that the Township zoning laws did not apply to his property due to the pre-existing nonconforming use. He cited the former court decisions to support this assertion. At a bench trial on October 28, 2005, the court denied Mr. Day's Motion and found him guilty of the zoning violations. He was fined $ 100.00 per violation. Id.

Mr. Day filed an appeal of that decision to the Ohio Seventh District Court of Appeals. He asserted that the trial court erred by applying Poland Township zoning laws to his property contrary to the permanent injunction issued by the Mahoning County Common Pleas Court in 1978. The court noted that the injunction pertained only to the preexisting nonconforming use of the property for a truck hauling business. It did not excuse him from complying with other portions of the zoning ordinances which pertain to the storage of abandoned, wrecked or destroyed materials. The Township produced photographs of vehicles that had no rear axles, no tires, no truck beds, and in one case, no engine or hood. The Court of Appeals concurred with the trial court's assessment that the vehicles were inoperable and beyond the temporary nature of the pre-existing non-conforming use. The Court further noted that the 1978 injunction did not contemplate the storage of abandoned, wrecked or dismantled trucks. Mr. Day's conviction was upheld on December 27, 2006. See id.

The litigation did not end there. Three additional citations were issued against Mr. Day for storing unlicensed vehicles in March 2007. In June 2007, Poland Township filed suit

against Mr. Day in the Mahoning County Court of Common Pleas, Case No. 2007 CV 1985.[1]  Mr. Day responded with a civil against Poland Township in November 2007.  See Day v. Poland, No. 2007 CV 4404 (Mahoning Cty Ct of Comm. Pl. Nov. 2007).[2]  In January 2008, Mr. Day sought a finding of contempt against Poland Township through the 1978 case.  All litigation was stayed when Mr. Day filed a Writ of Prohibition with the Ohio Supreme Court on August 7, 2008.  The Writ was denied on October 15, 2008 and a hearing has been set for the cases consolidated under Case No. 2007 CV 1985.  The cases are still pending in the Mahoning County Court of Common Pleas.

Mr. Day then filed the within action claiming Poland Township is barred by the 1978 injunction from enforcing its zoning ordinance against him.  He contends the defendants have conspired to deprive him of due process.  He indicates that the state court proceedings have resulted "in a facially void judgment." (Compl. at 4.)  He contends Judge Lanzo acted without subject matter jurisdiction "and predicated an act of fraud in which he and the other defendants machinated a void judgment." (Compl. at 5.)  He indicates the defendants knew the judgment was void, but continued to operate by it.  He alleges the litigation caused him to experience "difficulty and expense in protecting his interest." (Compl. at 6.)  He seeks compensatory and punitive damages, as well as a permanent injunction "protecting plaintiff's right to use the 4301 Dobbins Road property as permitted by law." (Compl. at 7.)

**Analysis**

---

[1] Mahoning County Court dockets can be viewed at: http://courts.mahoningcountyoh.gov/

[2] The two cases were consolidated on March 18, 2008.

4

While pro se pleadings are liberally construed, Boag v. MacDougall, 454 U.S. 364, 365 (1982) (per curiam); Haines v. Kerner, 404 U.S. 519, 520 (1972), the district court may dismiss an action sua sponte if the complaint is so "implausible, attenuated, unsubstantial, frivolous, devoid of merit, or no longer open to discussion" as to deprive the court of jurisdiction. Apple v. Glenn, 183 F.3d 477, 479 (6th Cir. 1999)(citing Hagans v. Lavine, 415 U.S. 528, 536-37 (1974)). The claims asserted in this action satisfy these criteria.

To the extent that Mr. Day is claiming that his prosecution for zoning violations is an infringement of the 1978 permanent injunction, the cause of action is not cognizable in this civil rights action. A person convicted on criminal charges may not raise claims under 42 U.S.C. § 1983 if a judgment on the merits of those claims would affect the validity of his conviction or sentence, unless the conviction or sentence has been set aside. See Edwards v. Balisok, 520 U.S. 641, 646 (1997); Heck v. Humphrey, 512 U.S. 477, 486 (1994). The holding in Heck applies whether plaintiff seeks injunctive, declaratory or monetary relief. Wilson v. Kinkela, No. 97-4035, 1998 WL 246401 at *1 (6th Cir. May 5, 1998). Mr. Day was convicted on minor misdemeanor charges of storing unlicensed, abandoned, wrecked vehicles on the property, and for moving his driveway closer than 3 feet to any property line in violation of local ordinances. His conviction was upheld on appeal. There is no indication that the charges against him were declared invalid by either an Ohio appellate court or by a federal habeas petition. Consequently, his claims pertaining to his 2005 conviction on zoning violation charges must be dismissed.

Moreover, the issue of whether plaintiff's storage of unlicensed, abandoned, wrecked vehicles on his property was within the prior pre-existing nonconforming use has been determined already by the Ohio Court of Common Pleas, the Ohio Seventh District Court of Appeals and the

5

Ohio Supreme Court. A federal court must give a state court judgment the same preclusive effect it would have in the courts of the rendering state. 28 U.S.C. § 1738; Dubuc v. Green Oak Township, 312 F.3d 736, 744 (6th Cir. 2002). The preclusive effect of the previous state court judgments are therefore governed by Ohio law on preclusion. Id. Under Ohio law, an existing final judgment or decree is conclusive as to all claims which were or might have been litigated in the first lawsuit. National Amusement, Inc. v. Springdale, 53 Ohio St. 3d 60, 62 (1990). The doctrine of res judicata requires a plaintiff to present every ground for relief in the first action he files, or forever be barred from asserting it. Id. The purpose of this doctrine is to promote the finality of judgments and thereby increase certainty, discourage multiple litigation, and conserve judicial resources. Allen v. McCurry, 449 U.S. 90, 94 (1980). The Ohio courts have already determined that Mr. Day's storage of inoperable motor vehicles and his relocation of the driveway are not within the parameters of operating a truck hauling business for which the nonconforming use exemption was granted. This court is bound to give full faith and credit to the decisions of those courts.

To the extent that Mr. Day is asking this court to declare Judge Lanzo's judgment to be void and unenforceable, the court cannot grant his requested relief. United States District Courts do not have jurisdiction over challenges to state court decisions even if those challenges allege that the state court's action was unconstitutional. See District of Columbia Court of Appeals v. Feldman, 460 U.S. 462, 483 n. 16 (1983); Rooker v. Fidelity Trust Co., 263 U.S. 413, 415-16 (1923). Federal appellate review of state court judgments can only occur in the United States Supreme Court, by appeal or by writ of certiorari. Id. Under this principle, generally referred to as the Rooker-Feldman Doctrine, a party losing his case in state court is barred from seeking what

6

in substance would be appellate review of the state judgment in a United States District Court based on the party's claim that the state judgment itself violates his or her federal rights. Johnson v. DeGrandy, 512 U.S. 997, 1005-06 (1994). Federal jurisdiction cannot be invoked merely by couching the claims in terms of a civil rights action. Lavrack v. City of Oak Park, No. 98-1142, 1999 WL 801562, at *2 (6th Cir. Sept. 28, 1999); see, Valenti v. Mitchell, 962 F.2d 288, 296 (3d Cir.1992).

The United States Sixth Circuit Court of Appeals has applied two elements to a Rooker-Feldman analysis. First, in order for the Rooker-Feldman doctrine to apply to a claim presented in federal district court, the issue before the court must be inextricably intertwined with the claim asserted in the state court proceeding. Catz v. Chalker, 142 F.3d 279, 293 (6th Cir. 1998); see Tropf v. Fidelity National Title Insurance Co., 289 F.3d 929, 937 (6th Cir. 2002). "Where federal relief can only be predicated upon a conviction that the state court was wrong, it is difficult to conceive the federal proceeding as, in substance, anything other than a prohibited appeal of the state court judgment." Catz, 142 F.3d at 293. The Rooker-Feldman doctrine applies when the party losing his case in state court files suit in federal district court seeking redress for an injury allegedly caused by the state court's decision itself. Coles v. Granville, 448 F.3d 853, 857-59 (6th Cir. 2006). Second, the Rooker-Feldman doctrine precludes a district court's jurisdiction where the claim is a specific grievance that the law was invalidly or unconstitutionally applied in plaintiff's particular case as opposed to a general constitutional challenge to the state law applied in the state action. Id.; Tropf, 289 F.3d at 937.

In the present action, Mr. Day claims Judge Lanzo lacked subject matter jurisdiction over his case because the question in issue was covered by the 1978 injunction. All of the

allegations in this cause of action concern specific grievances that the law was incorrectly applied to plaintiff's case, and are clearly predicated on his belief that the state courts were mistaken in rendering their decisions against him. Moreover, plaintiff requests as relief that the state judgment be declared unconstitutional and its execution enjoined. Any review of the constitutional claims asserted in this context would require the court to review the specific issues addressed in the state court proceedings against him. This court lacks subject matter jurisdiction to conduct such a review or grant the relief as requested. Feldman, 460 U.S. at 483-84 n. 16; Catz, 142 F.3d at 293.

Finally, even if the plaintiff's claims were not fatally flawed for the reasons stated above, he failed to assert a viable cause of action against most of the defendants. Poland Township Poland Township Trustees Robert Lidle, Mark Naples, and Annette Jeswald Divito, Administrator James Scharville, and Attorneys Frederick Whatley, and David Shepard are not mentioned at all in the allegations of the complaint. Plaintiff cannot establish the liability of any defendant absent a clear showing that the defendant was personally involved in the activities which form the basis of the alleged unconstitutional behavior. Rizzo v. Goode, 423 U.S. 362, 371 (1976); Mullins v. Hainesworth, No. 95-3186, 1995 WL 559381 (6th Cir. Sept. 20, 1995). The complaint simply contains no facts which reasonably associate these defendants to any of the claims set forth by plaintiff.

It is plausible that Mr. Day included the Township Trustees and the Township Administrator as defendants because they employ other individuals he believes to be responsible for his zoning citations. It is well established that section 1983 will not support a claim based upon a theory of respondeat superior alone. Polk County v. Dodson, 454 U.S. 312, 325 (1981). "Supervisory liability under § 1983 cannot attach where the allegation of liability is based upon a

mere failure to act." Bass v. Robinson, 167 F.3d 1041, 1048 (6th Cir.1999) (citing Leach v. Shelby County Sheriff, 891 F.2d 1241, 1246 (1989)). Rather, the supervisor must have actively engaged in unconstitutional behavior. Id. Liability must lie, therefore, upon more than a mere right to control employees and cannot rely on simple negligence. Id. Although the Trustees and the Township Administrator may arguably be responsible for the legislative and executive decisions of the Township, for liability to attach to these defendants, Mr. Day must prove that they did more than play a passive role in the alleged violations or show mere tacit approval of the events described in the complaint. Id. He must show that the supervisors somehow encouraged or condoned the actions of their inferiors. Id.; see also Copeland v. Machulis, 57 F.3d 476, 481 (6th Cir.1995). There are no allegations in the complaint which suggest that Robert Lidle, Mark Naples, Annette Jeswald Divito, or James Scharville personally engaged in conduct which violated Mr. Day's constitutional rights.

In addition, Mr. Day cannot assert a claim against Attorneys Frederick Whatley, and David Shepard under 42 U.S.C. § 1983. To establish a prima facie case under 42 U.S.C. § 1983, plaintiff must assert that a person acting under color of state law deprived him of rights, privileges, or immunities secured by the Constitution or laws of the United States. Parratt v. Taylor, 451 U.S. 527, 535 (1981). Generally to be considered to have acted "under color of state law," the person must be a state or local government official or employee. A private party may be found to have acted under color of state law to establish the first element of this cause of action only when the party "acted together with or ... obtained significant aid from state officials" and did so to such a degree that its actions may properly be characterized as "state action." Lugar v. Edmondson Oil Co., 457 U.S. 922, 937 (1982). An individual may also be considered a state actor if he or she

exercises powers traditionally reserved to a state. Jackson v. Metropolitan Edison Co., 419 U.S. 345, 352 (1974). Merely being a participant in litigation does not make a private party a co-conspirator or joint actor with the state. Dennis v. Sparks, 449 U.S. 24, 28 (1980). There are no allegations against Mr. Whatley or Mr. Shepard in the complaint, and therefore no indication that they engaged in conduct which could be construed as "state action."

Finally, Judge Lanzo is absolutely immune suit. Judicial officers are accorded absolutely immunity from civil suits for money damages to ensure that the independent and impartial exercise of their judgment in a case is not impaired by the exposure to damages by dissatisfied litigants. Mireles v. Waco, 502 U.S. 9, 9 (1991); Barnes v. Winchell, 105 F.3d 1111, 1115 (6th Cir. 1997). For this reason, absolute immunity is overcome only in two situations: (1) when the conduct alleged is performed at a time when the defendant is not acting as a judge; or (2) when the conduct alleged, although judicial in nature, is taken in complete absence of all subject matter jurisdiction of the court over which he or she presides. Mireles, 502 U.S. at 11-12; Barnes, 105 F.3d at 1116. Stump, 435 U.S. at 356-57. A judge will be not deprived of immunity even if the action he or she took was performed in error, done maliciously, or was in excess of his or her authority. When the immunity of the judge is at issue, the scope of the judge's jurisdiction is to be broadly construed. Stump, 435 U.S. at 356-57. Although Mr. Day contends that Judge Lanzo lacked subject matter jurisdiction to find him guilty of the zoning violation, he bases this argument on his belief that the 1978 injunction covered all uses of the property regardless of the nature of the use. This is the very legal issue that was in dispute at the zoning violation hearing. The Struthers Municipal Court has subject matter jurisdiction over questions of interpretation of zoning ordinances and the exceptions granted for non-conforming uses. Mr. Day argues that Judge Lanzo

exceeded his authority by finding that the storage of abandoned unlicensed vehicles was not within the parameters of the 1978 injunction. If this allegation is true, Mr. Day's remedy is an appeal of the judgment. He does not have recourse against the judge for damages under 42 U.S.C. §1983.

## Conclusion

Accordingly, this action is dismissed. The court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith**.**

IT IS SO ORDERED.

S/Peter C. Economus - 3/4/09
PETER C. ECONOMUS
UNITED STATES DISTRICT JUDGE
